IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-286-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the Commissioner's decision be reversed and the matter be remanded for further administrative proceedings.

**I. PROCEDURAL HISTORY**

Plaintiff protectively filed an application for supplemental security income benefits on June 9, 2004, alleging a disability onset date of September 4, 2003, caused by a tumor on her spinal cord. Tr. 57, 58-61, 69. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 22, 23, 26-29, 32-33. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law

judge on April 11, 2006. Tr. 34-35, 382-95. Plaintiff appeared in person with an attorney, and offered testimony in support of her application. Tr. 384, 386-87, 390-94. At the request of the administrative law judge, a medical expert and vocational expert also appeared and testified. Tr. 39, 44, 387-90, 394. The administrative law judge issued a partially favorable decision on June 23, 2006, finding that Plaintiff was disabled within the meaning of the Social Security Act for a closed period from September 4, 2003, through September 20, 2004. Tr. 11-13, 14-21. The Appeals Council denied Plaintiff's request for review on January 10, 2007, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 6-8.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). To determine whether a claimant is disabled, the Commissioner generally employs a five-step sequential evaluation process. 20 C.F.R. § 416.920;

Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams, 844 F.2d at 751 and n.2. If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

### III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In considering whether Plaintiff was disabled, the administrative law judge followed the sequential evaluation processes set forth in 20 C.F.R. §§ 416.920, 416.994. Tr. 15-17. She first found that Plaintiff had not engaged in substantial gainful activity from September 4, 2003, through September 20, 2004, and so she proceeded forward with the sequential analysis. Tr. 17. The administrative law judge next found that Plaintiff suffered from the severe impairments of status post lumbar spine laminectomy, pain, and anxiety. Tr. 17. The administrative law judge further found that from September 4, 2003, through September 20, 2004, the severity of Plaintiff's impairments equaled the criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04A. Tr. 17-19. Thus, the administrative law judge concluded that Plaintiff was disabled within the meaning of the Social Security Act from September 4, 2003, through September 20, 2004. Tr. 19. The administrative law judge next determined that medical improvement occurred as of September 21, 2004, and as of that date, Plaintiff's impairments no longer met or equaled the criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04A. Tr. 19. Nevertheless, the administrative law judge found that Plaintiff's impairments of

status post lumbar spine laminectomy, pain, and anxiety were all still severe. Tr. 17. The administrative law judge determined further that the medical improvement was related to Plaintiff's ability to work. Tr. 19. She found that Plaintiff had the residual functional capacity to perform light and sedentary work. Tr. 19-21. Based on this residual functional capacity finding, the administrative law judge concluded that Plaintiff could perform her past relevant work as a retail cashier. Tr. 21. She thus determined that Plaintiff was disabled from September 4, 2003, through September 20, 2004, but that she was not disabled after that date and thus she was not entitled to benefits thereafter. Tr. 21.

## IV. DISCUSSION

Plaintiff raises six issues for judicial review. In her first point of error, Plaintiff contends that the administrative law judge erred by failing to assess the severity of her mental impairment under the Psychiatric Review Technique (the "Special Technique") set forth in 20 C.F.R. § 416.920a. Plaintiff's Opening Brief, p. 1, 2-3. In her second point of error, Plaintiff argues that the administrative law judge failed to properly weigh her treating physician's opinion. Id. at 1, 4-6. As a third point of error, Plaintiff contends that the administrative law judge failed to support her finding of medical improvement with substantial evidence. Id. at 1, 6-9. In a fourth point of error, Plaintiff contends that the administrative law judge did not properly assess her residual functional capacity. Id. at 1, 9-10. Plaintiff also alleges, as her fifth point of error, that the administrative law judge erred in finding that she could perform her past relevant work. Id. at 1, 10-12.

Finally, Plaintiff contends in a sixth point of error that the administrative law judge did not properly assess her credibility. Id. at 1, 12-14.

The undersigned will combine discussions of Plaintiff's first, fourth and fifth grounds of error as those issues are dispositive of the appeal. See Watkins v. Barnhart, 350 F.3d 1297, 1299 ( 10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").[1]

As part of her first argument on appeal, Plaintiff contends that the administrative law judge erred by failing to follow the "special technique" in evaluating the severity of her mental impairment and this led to error at step four of the sequential evaluation process. Plaintiff's Opening Brief, pp. 2-3. Related to this same argument, Plaintiff claims in her fourth argument on appeal that the administrative law judge failed to properly assess her residual functional capacity by not including any mental limitations. Plaintiff's Opening Brief, p. 9. Finally, in her fifth argument on appeal, Plaintiff contends that the administrative law judge erred in finding that she could perform her past relevant work. Plaintiff's Opening Brief, pp. 10-11. In particular, Plaintiff argues that the administrative law judge failed to include limitations related to her anxiety disorder, and erred by not giving controlling weight to her treating physician's assessment that her back

---

[1] Though not addressing Plaintiff's third argument on appeal in which Plaintiff claims that the administrative law judge failed to support her findings of medical improvement with substantial evidence, the undersigned does have concerns with the finding by the administrative law judge. The administrative law judge stated that the medical expert said that the Plaintiff met Listing 1.04A from September 4, 2003 to September 21, 2004, implying that Plaintiff's medical condition improved by September of 2004. Tr. 19. However, while the medical expert in fact testified that the Plaintiff met Listing 1.04A, he was never asked nor did he testify when or if Plaintiff's condition no longer met the Listing. Tr. 388-89.

and leg pain would require longer and more breaks than typically granted by employers. Id. at 10. She also complains that the administrative law judge did not address her treating physician's conclusion that her medications might interfere with her alertness and performance at work.

The Commissioner responds that the administrative law judge properly evaluated Plaintiff's anxiety disorder and that while finding that the mental disorder was a "severe" impairment at step two, she found that the anxiety disorder did not further limit Plaintiff's ability to work. Commissioner's Brief, pp. 5-7. The Commissioner repeats this argument in responding to Plaintiff's fourth argument on appeal that the administrative law judge failed to properly assess her residual functional capacity. Commissioner's Brief, pp. 14-15. In responding to the Plaintiff's fifth argument on appeal where Plaintiff alleges that the administrative law judge erred in finding that she could perform her past relevant work, the Commissioner states that the administrative law judge conducted an appropriate analysis of Plaintiff's ability to perform her past relevant work and notes that the vocational expert gave testimony concerning the demands of Plaintiff's prior job as a retail cashier. Commissioner's Response Brief, pp. 16-17. In reply, Plaintiff contends that the administrative law judge did not cite the vocational expert's testimony to support her conclusion that Plaintiff could perform her past relevant work. Reply, p. 8. Plaintiff notes that the administrative law judge cited the initial denial and reconsideration denial decisions as evidence that Plaintiff could perform her past relevant work and that these decisions do not contain any discussion of the demands of Plaintiff's past relevant work

or her residual functional capacity. She alleges that the administrative law judge's finding was both legally and factually deficient. Reply, pp. 8-9.

The undersigned finds that the discussion of the Plaintiff's mental impairment by the administrative law judge was inadequate to provide substantial evidence to support the administrative law judge's decision. First, the administrative law judge inconsistently found at step two that Plaintiff's anxiety disorder was a severe impairment, Tr. 17, and then later when discussing Plaintiff's residual functional capacity, she stated that she concurred with the state medical consultants that Plaintiff had a "nonsevere mental impairment." Tr. 21.

When there is evidence that a claimant suffers from a mental impairment alleged to limit the ability to work, an administrative law judge must employ the Psychiatric Review Technique ("PRT") set forth in 20 C.F.R. § 416.920a to analyze the severity of the impairment. See Cruse v. U.S. Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995).

> This procedure first requires the [Commissioner] to determine the presence or absence of "certain medical findings which have been found especially relevant to the ability to work," sometimes referred to as the "Part A" criteria. The [Commissioner] must then evaluate the degree of functional loss resulting from the impairment, using the "Part B" criteria.

Id. at 617 (citations omitted); see also 20 C.F.R. § 416.920a(b)-(d). An administrative law judge may, but is not required to, record her conclusions in "a standard document called a Psychiatric Review Technique Form . . . that tracks the listing requirements and evaluates the claimant under the Part A and B criteria." Cruse, 49 F.3d at 617; 20 C.F.R.

§ 416.920a(e) (changing the former requirement that the administrative law judge attach a copy of the Psychiatric Review Technique form to the decision). The decision,

> must incorporate the pertinent findings and conclusions based on the [Psychiatric Review Technique]. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of [functional] limitation . . . .

20 C.F.R. § 416.920a(e)(2). Further, "[t]here must be competent evidence in the record to support the conclusions recorded on the [Psychiatric Review Technique form] and the [administrative law judge] must discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form." Washington, 37 F.3d at 1442 (quotation omitted). Here, the administrative law judge did not set forth her findings and conclusions concerning the Plaintiff's mental impairment sufficiently for the Court to insure that correct legal standards were followed and that the proper analysis was conducted.

The failure to properly address Plaintiff's mental impairment and any limitations Plaintiff suffered as a result led to further error in determining whether Plaintiff could perform her past relevant work.

There are three phases of evaluation an administrative law judge must complete at step four of the sequential evaluation:

> In the first phase, the [administrative law judge] must evaluate a claimant's physical and mental residual functional capacity . . . and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the [administrative law judge] determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations

> found in phase one. At each of these phases, the [administrative law judge] must make specific findings.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted). The administrative law judge's evaluation of a claimant's residual functional capacity must include specific findings and an explanation of how the administrative law judge analyzed the evidence and resolved inconsistencies or ambiguities. See Social Security Ruling 96-8p, 1996 WL 374184, at *4.-5  After evaluating a claimant's residual functional capacity, an administrative law judge must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." Social Security Ruling 82-62, 1982 WL 31386, at *3. When the claimant has a mental impairment,

> care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

Winfrey, 92 F.3d at 1024 (quoting Social Security Ruling 82-62, 1982 WL 31386, at *3). The administrative law judge must then make specific and detailed findings concerning the physical and mental demands of the past jobs. See Social Security Ruling 82-62, 1982 WL 31386, at *4.

Here, the administrative law judge determined at phase one that Plaintiff had the physical residual capacity to perform light work. Tr. 20-21. She did not make any finding concerning Plaintiff's mental residual functional capacity. As noted, she inconsistently found at step two, that Plaintiff's mental impairment was a severe impairment, but at step four, she concluded that Plaintiff's anxiety was "nonsevere,"

based upon a Psychiatric Review Technique form completed by a medical consultant. Tr. 21. Further, the administrative law judge did not make any findings regarding the physical or mental demands of Plaintiff's past jobs. The only testimony solicited from the vocational expert at Plaintiff's hearing was that Plaintiff's retail cashier position was light, semi-skilled work. Tr. 394. The administrative law judge attempted to make findings at phase three of step four by stating the she, "compar[ed] [Plaintiff's] residual functional capacity . . . with the physical and mental demands of [retail cashier] work, [and] . . . finds that the claimant can perform it as generally performed." Tr. 21. However this conclusion disguised as a finding is insufficient. Cf. Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (disapproving of the use of "a conclusion in the guise of findings"). As Plaintiff has argued, the administrative law judge did not cite the vocational expert's testimony or refer to the Plaintiff's testimony in arriving at her conclusions. Instead, she cited Exhibits 2B and 4B which are the notice of decision (Ex. 2B) and notice of reconsideration decision (Ex. 4B) that stated in general terms that the evidence indicated that Plaintiff was capable of performing retail cashier work as it is generally performed. Tr. 21, 26-29, 32-33. The administrative law judge's failure to make the requisite findings at all three phases of step four based upon substantial evidence necessitates reversal because there is nothing for judicial review. See, e.g., Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994) (remanding action for further administrative proceedings in part because the administrative law judge failed to make proper findings at all three phases of step four).

On remand, the administrative law judge should be mindful of her duty to develop the facts and record sufficiently to substantiate her findings. See Henrie v. U.S. Dep't of Health and Human Servs., 13 F.3d 359, 361 (10th Cir. 1993) (remanding for further proceedings in part because the transcript revealed "there was no inquiry regarding the nature of, and physical and mental demands associated with," the claimant's past relevant work); accord Washington, 37 F.3d at 1442 ("The [administrative law judge]'s failure to make the requisite findings [at step four] may have sprung from his failure to develop a sufficient record on which those findings could be based.").

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of Social Security Administration failed to apply correct legal standards and thus should be reversed and remanded for additional proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 17, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 25th day of February, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE